IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAM TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-0888 |
| | § | |
| COMPUTER SCIENCES CORP., | § | |
| | § | |
| Defendant. | § | |

## ORDER

This employment discrimination case was filed in January 2013 and timely removed from state court on the basis of diversity jurisdiction. When the plaintiff filed suit, he did not demand a jury. Nor did he demand a jury within the 14 days after the defendant filed an answer. Instead, the plaintiff filed a jury demand in July 2013, when he amended his complaint. That was over six months after he filed suit and over two months after the deadline expired. The amended complaint added a new theory of recovery, based like the prior claims on allegations that he was fired based on racial discrimination and retaliation. The amended complaint did not plead additional facts or explain why a jury demand had not been sought earlier.

The defendant has moved to strike the plaintiff's jury demand. (Docket Entry No. 26). The plaintiff has filed no response.

Rules 38 and 39 of the Federal Rules of Civil Procedure provide:

> **Rule 38. Right to a Jury Trial; Demand**
>
> **(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the constitution—or as provided by a federal statute—is preserved to the parties inviolate.

**(b) Demand.**  On any issue triable of right by a jury, a party may demand a jury trial by:

> (1) serving the other parties with a written demand- which may be included in a pleading-no later than 14 days after the last pleading directed to the issue is served; and

> (2) filing the demand in accordance with Rule 5(d).

**(c) Specifying Issues.**  In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable.  If the party has demanded a jury trial on only some issues, any other party may—within 14 days after being served with the demand or within a shorter time ordered by the court—serve a demand for a jury trial on any other or all factual issues triable by jury.

**(d) Waiver; Withdrawal.**  A party waives a jury trial unless its demand is properly served and filed.  A proper demand may be withdrawn only if the parties consent.

. . .

**Rule 39.  Trial by Jury or by the Court**

**(a)  When a Demand is Made.**  When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.  The trial on all issues so demanded must be by jury unless:

> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or

> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

**(b)  When No Demand Is Made.**  Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Under Rule 38(b), a party must make a written demand for a jury trial, and the written jury demand must be served on the other party between the filing of the complaint and fourteen days after the service of the last pleading directed to the issue triable by a jury. The term "last pleading" refers to a pleading that contests the issue triable by a jury, such as an answer to a complaint or a reply to a counterclaim. In *Cambridge Integrated Services Group, Inc. v. Concentra Integrated Services, Inc.,* No. 2:08-0316 (CMH), 2010 WL 4736171 (W.D. La. Nov. 16, 2010), the district court noted that the Fifth Circuit has not defined the meaning of the term "pleading" as used in Rule 38. The court also noted that "other courts have held that the meaning of the term is governed by Rule 7(a), which clearly states that a pleading is (1) a complaint, (2) an answer, (3) an answer to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint, (6) a third-party answer, or (7) a court ordered reply to an answer." *Id.* at *1 (citing *Burns v. Lawther,* 53 F.3d 1237, 1241 (11th Cir. 1995)). "The Fifth Circuit has said that the 'last pleading' requirement in Rule 38 usually means an answer or a reply to a counterclaim." *Id.* (citing *In re Tex. Gen. Petroleum Corp.,* 52 F.3d 1330, 1339 (5th Cir. 1995) (additional citations omitted)).

Although the plaintiff did not timely file his jury demand, that does not end the inquiry because Rule 39(b) gives the court discretion to grant an untimely demand. Turner has not responded to the motion to strike or moved under Rule 39(b). "[I]f a jury trial has been waived, a motion is necessary to invoke the court's discretion since the court may not employ Rule 39(b) on its own initiative. *Swofford v. B&W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964). The Fifth Circuit, however, "think[s] that when a demand has been made, though untimely, it is not reversible error for the district court to exercise its discretion under Rule 39(b) even though [the Fifth Circuit] has advised previously that a motion to the court under Rule 39 rater than service of a demand under

3

Rule 38 is the proper course." *Id.* (quotation omitted); *see also Oramulu v. Washington Mut. Bank*, No. 4:08-cv-0277 (KPE), 2008 WL 8479349, at *1 n.2 (S.D. Tex. Apr. 17, 2008). "[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of a strong and compelling reason to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. ) (quotation omitted).

No later than **November 15, 2013**, the plaintiff must file a motion under Rule 39(b) and explain why the court should grant a jury trial despite the untimeliness of his demand. The defendant may file a response no later than **November 25, 2013.**

SIGNED on October 23, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge